## Commonwealth ex rel. Smith, Appellant, *v.* Banmiller.

Submitted September 16, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Charles Smith,* appellant, in propria persona.

*Domenick Vitullo,* Assistant District Attorney, *Paul M. Chalfin,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY WRIGHT, J., November 16, 1960:

On February 13, 1959, in Court of Common Pleas No. 4 of Philadelphia County, Charles Smith presented a petition for a writ of habeas corpus. President Judge BROWN granted a rule to show cause why the writ

should not be issued, returnable February 20, 1959, before any judge of the Court of Common Pleas then sitting. On February 20, 1959, the Superintendent of the Eastern State Penitentiary filed an answer to the rule. On March 19, 1959, Smith filed a supplement to his petition. On March 26, 1959, Judge GRIFFITHS of Court of Common Pleas No. 1 entered an order that Smith be produced for a hearing on April 3, 1959. This order was never carried out. Instead, on May 6, 1959, Judge WATERS of Court of Common Pleas No. 3 discharged the rule. Smith has appealed.

On April 26, 1933, appellant was adjudged guilty of a charge of armed robbery, and was sentenced by Judge SMITH on Bill No. 940 April Term 1933 to serve seven to twenty years in the Philadelphia County Prison. It is this sentence which Smith is belatedly endeavoring to attack. On August 10, 1939, he was transferred to the Eastern State Penitentiary. On April 26, 1940, he was paroled on Bill No. 940 April Term 1933. However, he was required to serve the unexpired balance of a prior sentence from Philadelphia County on a charge of rape, Bill No. 1347 May Term 1928, from which sentence he had previously been paroled. On May 20, 1943, Smith was re-paroled on Bill No. 1347 May Term 1928. On January 16, 1951, he was returned as a convicted parole violator to serve the unexpired balance of his sentence on Bill No. 940 April Term 1933. On June 3, 1955, he was re-paroled. On March 9, 1956, Smith was returned as a technical parole violator. The maximum expiration date of his sentence is now June 20, 1961.

Appellant's contention is that he was deprived of a fair trial because he was not represented by counsel. The notes of testimony taken at the trial in 1933 were not filed, and are not presently available. Judge GRIF-FITHS took the position that, in order to determine

whether the absence of counsel resulted in an unfair trial, it was necessary to afford Smith a hearing. The order entered by Judge GRIFFITHS was inadvertently not brought to the attention of Judge WATERS at the time the matter came before him on the Miscellaneous List. He is now of the opinion that, "Regardless of the merit or lack of merit of the petition, Judge GRIFFITHS' order should be observed". We therefore enter the following order:

The record in this case is remanded to the court below for a hearing on appellant's petition in accordance with the order of Judge GRIFFITHS.